IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ARCHIE REDMON**                                                      **PLAINTIFF**

**V.**                                                                           **NO. 4:20-CV-71-DMB-JMV**

**OMNISOURCE, LLC, and**
**JOHN DOE EMPLOYEE**                                           **DEFENDANTS**

## ORDER REMANDING CASE

On April 9, 2020, Archie Redmon filed a complaint in the Circuit Court of Washington County, Mississippi, against Omnisource, LLC, and John Doe Employee. Doc. #2. Omnisource, invoking diversity jurisdiction, removed the case to the United States District Court for the Northern District of Mississippi on April 23, 2020. Doc. #1 at 3. The notice of removal alleges that complete diversity exists because Omnisource is a citizen of Indiana,[1] Redmon is a citizen of Mississippi, and the citizenship of John Doe Employee is disregarded for the purpose of determining diversity. *Id.* at 4–5.

On May 11, 2020, Redmon moved for leave to amend his complaint "to substitute Joseph C. 'Joey' McCool for John Doe Employee." Doc. #8; Doc. #9 at 3. Eleven days later, Redmon filed a motion to remand "on the basis that, should [his] Motion for Leave to Amend be granted, the presence of McCool, a resident of Mississippi, would destroy complete diversity." Doc. #11; Doc. #12 at 2. On July 9, 2020, the Court granted Redmon leave to amend his complaint but deferred a ruling on the issue of remand pending the filing of the proposed amended complaint. Doc. #20 at 8. Redmon filed the amended complaint later the same day. Doc. #21.

---

[1] The removal notice states that Omnisource's sole member is Steel Dynamics Columbus, LLC, whose sole member is Steel Dynamics Enterprises, Inc., which is both incorporated and has a principal place of business in Indiana. Doc. #1 at 4–5.

"[F]or diversity jurisdiction to lie, there must be complete diversity between parties, which requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Vaillancourt v. PNC Bank, Nat'l Ass'n*, 771 F.3d 843, 847 (5th Cir. 2014) (quotation marks omitted). As this Court's July 9 order recognizes, the addition of McCool, who, like Redmon, is a citizen of Mississippi, destroys complete diversity under 28 U.S.C. § 1332. Doc. #20 at 2. As such, this Court does not have subject matter jurisdiction over this case and remand is proper. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may … permit joinder and remand the action to the State court."). Redmon's motion to remand [11] is **GRANTED**. This case is **REMANDED** to the Circuit Court of Washington County.

   **SO ORDERED**, this 13th day of July, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**